UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERRON OMAR SHEPHERD,<br><br>    Petitioner,<br><br>        v.<br><br>L. SHULTZ, Warden of Yazoo Correctional Complex,<br><br>    Respondent. | Civil Action No.  17-296 (JEB) |

## MEMORANDUM OPINION

*Pro se* Petitioner Erron Omar Shepherd is a federal inmate serving time at a correctional facility in Mississippi. See ECF No. 1 (Petition). He brings this habeas action seeking release from that federal prison on the ground that his sentence, in effect, allows him to be held as "surety for a debt" in violation of various constitutional and statutory provisions. Id. at 14.

Because Shepherd, in essence, seeks to challenge his sentence, his claim must be raised in a motion brought under 28 U.S.C. § 2255. Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a [habeas] petition under 28 U.S.C. § 2241."); see also Taylor v. U.S. Bd. of Parole, 194 F.2d 882, 883 (D.C. Cir. 1952).

Section 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

>    attack, may move <u>the court which imposed the sentence</u> to vacate,
>    set aside or correct the sentence.

(emphasis added).  In other words, petitioners must file their motions in the sentencing court.  In Shepherd's case that court is the United States District Court for the Southern District of Texas (Corpus Christi).  <u>See</u> Petition at 1.

Although this Court could thus dismiss Shepherd's action, it will instead transfer it to his sentencing court.  An Order so stating accompanies this Memorandum Opinion.

/s/ James E. Boasberg<br>
JAMES E. BOASBERG<br>
United States District Judge

Date:  <u>April 6, 2017</u>

2